**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>TYLER NICODEMUS, Sgt.,<br><br>        Defendant-Appellee,<br><br> and<br><br>MATTHEW LEE ALEXANDER, 103811;<br>TERRY RASAR, 110719; ADAM MILLER,<br>Sgt.; WALTON, Corporal; JOHN<br>MCMAHON; BROWN, C865,<br><br>        Defendants. | No. 21-35037<br><br>D.C. No. 1:18-cv-00226-BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Idaho state prisoner Michael T. Hayes appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging failure-to-protect. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Nicodemus because Hayes failed to raise a genuine dispute of material fact as to whether Nicodemus was deliberately indifferent to an excessive risk to Hayes's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if the prison official "knows of and disregards an excessive risk to inmate health or safety").

The district court did not abuse its discretion by denying Hayes's motions to strike because Hayes did not demonstrate grounds to strike Nicodemus's motion for summary judgment or opposition to Hayes's motion to strike. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (setting forth standard of review).

**AFFIRMED.**